FILED
U.S. DISTRICT COURT

2018 NOV - 1  A 10: 51

DISTRICT OF UTAH

BY:_____RECEIVED CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION

JOHN LEWIS GUYMON JR
1635 East 7080 South
Salt Lake City, Utah  84121

    Plaintiff,

v.

DOUGLAS  SCOTT  LITSEY

    Defendant.

OCT 3 0 2018

U.S. DISTRICT COURT

Case: 2:18-cv-00850
Assigned To : Benson, Dee
Assign. Date : 10/30/2018
Description: Guymon v. Litsey

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, John Lewis Guymon Jr.,  for his complaint respectfully states as follows:

1.   This is an action under 28 U.S.C. §2201, 2202, authority for a federal court to grant declaratory judgment of 'Inventorship' of application of patent Serial #12/316,699, 'Securable Independent Electronic Document' (hereinafter referred to as "the '699 application of patent") filed with the United States Patent And Trademark Office (hereinafter referred to as "the Office") December 15, 2008, with the challenge of Douglas Scott Litsey, an incorrectly listed joint inventor ('misjoinder'), to show proof he should be listed as a joint inventor of conception of invention of said '699 patent application and to further state and swear under declared oath per 18 U.S.C. §1001, if he can, of said conception proof, if he has any.

2. This case seeks declaratory relief for and support of Plaintiff's request for the correction of inventorship in the '699 application and his 'Petition for Correction Of Inventorship' of said application filed August 24, 2015 in that defendant is not an inventor of the application and that Plaintiff's Correction Of Inventorship petition be granted as such.

## JURISDICTION

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338, and 28 U.S.C. §1359 which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute".

## VENUE

4. Venue lies in this district under 28 U.S.C. §1391.

## PARTIES

5. Plaintiff John Lewis Guymon Jr. is an individual located in and doing business in Salt Lake County, State of Utah.

6. Defendant Douglas Scott Litsey is an individual located in and doing business in Salt Lake County, State of Utah.

## STATUTORY FRAMEWORK

7. 35 U.S.C. §116 (pre AIA) - Inventors

9520a25c-60e5-4875-91e3-0e5e2003ee33                    Page 2 of 12

"Whenever through error a person is named in an application for patent as the inventor, or through an error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Director may permit the application to be amended accordingly, under such terms as he prescribes."

8. 35 U.S.C. §256 (pre-AIA) - Correction of named inventor.

"Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error."

"The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly."

9. 37 C.F.R. §1.48 - Correction of inventorship pursuant to 35 U.S.C. 116 or correction of the name or order of names in a patent application, other than a reissue application.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

10. Plaintiff first started project relating to the '699 application in 1999

11. Plaintiff through and by himself created iBailBonding.Com, a dba company registered in Utah in April 2001.

12. Plaintiff completed conception of invention with support of proof of concept with working prototype of the invention described in the '699 application in 2003.

13. Plaintiff through and by himself filed document disclosure of the invention described in the '699 application in 2006.

14. Plaintiff through and by himself registered Intelledoc.Com in 2006.

15. Plaintiff through and by himself filed for the Intelledoc trademark in 2006 and obtained registration for said trademark in 2009.

16. Plaintiff met Defendant while Defendant was working at 7-11 convenience store located near the apartment complex that was residence of Plaintiff and in separate unit occupation of Defendant in 2006.

17. Plaintiff met Defendant after the invention listed in the '699 application was conceived and proven by prototype proof of concept.

18. Plaintiff and Defendant entered into a Non-Disclosure and Confidentiality Agreement in 2006 after Defendant's correction to said agreement before Defendant was made aware of the invention concept and design.

19. Plaintiff made aware to Defendant and Defendant agreed that Plaintiff doing business as iBailBonding.Com was owner of the invention listed in the '699 application.

20. Plaintiff presented proven idea of the invention listed in the '699 application to Defendant and had to further convince Defendant of conception and ownership of said proven idea in lengthy discussion/argument the parties had outside the parties apartment complex in 2006.

21. Defendant worked as an agent for iBailBonding.Com

22. Plaintiff submitted '699's application of patent with Defendant's authorship assistance on December 15, 2008, having all materials supplied by Plaintiff to Defendant for Defendant's editing for inclusion into said application.

23. Plaintiff included Defendant as a joint inventor as nice gesture having both Plaintiff and Defendant unaware and unsure of the rules of the inventorship of an application of patent, having both Plaintiff and Defendant entering declaration and oath of inventorship in '699 application.

24. Plaintiff and Defendant continued worked on the use, marketing and production of the invention described in the '699 application.

25. Plaintiff consulted with an attorney in 2013 for the continued prosecution of the '699 application and was informed of the inventorship problem.

26. Plaintiff informed Defendant of inventorship problem in 2013, having in return Defendant's demand of 50% of the rights and ownership of the project and '699 application.

27. Plaintiff respectfully requested Defendant supply evidence of proof of conception of the invention listed in the '699 application's and offered compensation for Defendant's contractual work previously done or later completed as a non-inventor.

28. Defendant purposely refused to sign any further prosecution paperwork until Plaintiff entered into an agreement of Defendant's rights and ownership of 50% of the project and invention listed in the '699 application.

29. Defendant caused delay and grief refusing to cooperate until an agreement and contract of his 50% rights and ownership was entered.

30. Plaintiff's '699 application went into abandonment in February 2014.

31. Plaintiff submitted Revival and Request for Continued Examination (RCE) petitions in 2014 by and through himself due to Defendant's purposely failure to cooperate.

32. Plaintiff's revival petition was dismissed by the Office based on the requirement of signature of both listed joint-inventors.

33. Plaintiff worked with due diligence for sixteen (16) months on a Correction of Inventorship petition for the '699 application.

34. Defendant refused to cooperate and purposely avoided multiple certified mail correspondence requests for his assistance in determining inventorship or production of a statement of non-inventor for the '699 application.

35. Plaintiff entered Correction of Inventorship petition in accordance to 37 C.F.R §1.48 on August 24, 2015.

36. Plaintiff declared and supplied proof in his Correction of Inventorship petition that he was the sole inventor of '699 patent.

37. Plaintiff declared in his Correction of Inventorship, as Defendant has no rights to any legal claim of the '699 application, that Defendant is not a valid joint-inventor and was listed as such in error without deceptive intention.

38. Plaintiff's Correction of Inventorship petition was entered improperly by the Office.

39. Plaintiff's Correction of Inventorship petition was, with significant and unduly delay, improperly processed by the Office keeping application at bay for 11 months.

40. Plaintiff's petitions were dismissed by the Office based on the requirement of signature of both listed joint-inventors.

41. Plaintiff's entered and occurred fees and charges of additional petitions in support of the correction of Inventorship, specifically that of 37 C.F.R §1.183 - ' Suspension of rules.0' , 37 C.F.R §1.136 - ' Extensions of time ' and 37 C.F.R. §1.181 - 'Petition to the Director'.

42. After a delay of 2 years contact was finally made with Defendant at Defendant Aunt's house,

43. Plaintiff respectfully requested again that Defendant supply evidence of proof of '699 application's invention conception.

44. Plaintiff and Defendant submitted revival petition on basis of agreement, made between Plaintiff and Defendant to ensure the Office would accept revival petition having both Plaintiff and Defendant stating that each has in his possession, separate from each other, evidence of conception of the invention described in '699 application.

45. Plaintiff continued prosecution of the submitted petitions having the Office twice dismiss reconsideration of said petitions.

46. Plaintiff submitted three reconsideration requests and, finally after further pressure and reporting of the Offices improper actions, the Office, through proper supervisory review, granted revival petition.

47. Plaintiff's reconsideration requests continue to be dismissed on a basis that both listed joint inventor's signatures are missing and are required.

48. Defendant continues to ignore requests for cooperation and assistance for application prosecution.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Plaintiff as sole owner and operator)

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

50. Plaintiff through and by himself started project that involves the '699 application 1999.

51. Plaintiff through and by himself is the sole owner and operator of iBailBonding.Com, a DBA company involved the '699 application, first registered by Plaintiff in April 2001.

52. Plaintiff through and by himself is the sole owner and registrant Intelledoc.Com, a web site dedicated to the'699 application's invention's marketing, first registered by Plaintiff in 2006.

53. Plaintiff through and by himself is the sole owner and registrant of the Intelledoc trademark first used by Plaintiff in 2006 and registered in the Office in 2009.

54. Plaintiff through and by himself has in his possession as the sole owner and creator, all research, design and software development completed before Defendant's involvement of the invention descried in the '699 application.

55. Plaintiff through and by himself has paid for all fees, costs and expenditures of the project and invention descried in the '699 application.

### CLAIM TWO
(Plaintiff as sole inventor)

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

57. Plaintiff through and by himself conducted all research and design of the invention described in the '699 application.

58. Plaintiff through and by himself conceived, designed and developed all applicable materials related to the invention described in the '699 application.

## CLAIM THREE

(Defendant's improper listing as a joint inventor)

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

60. Defendant was not involved in the conception of the invention described in the '699 application.

61. Defendant became an agent of iBailBonding.Com and assistant to Plaintiff after conception, prototype and proof of concept of invention listed in the '699 application.

62. Defendant was introduced and became aware of the invention idea listed in the '699 application after its conception, prototype and proof of concept of invention.

63. Defendant was added to the '699 application, in front of and witnessed by Plaintiff wife, as a kind gesture and  Plaintiff was submitting said application of patent on December 15, 2008.

64. Defendant has failed in providing proof of invention conception.

## CLAIM FOUR

(Defendant's failure to provide proof of invention conception)

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

66. Defendant has no documentation or proof of conception of the invention described in the '699 application.

67. Defendant has failed in providing proof of invention conception.

68. Defendant fails to further declaring said conception in a supplemental declaration and oath of inventorship purposely and continues his resistance in assisting in the application's prosecution.

## CLAIM FIVE

(Plaintiff's extensive and unfairly imposed prosecution)

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

70. Plaintiff has endured unfair and extensive damages due to the substantial work done to obtain Defendant's proof of inventorship or to correct the '699's application's inventorship.

71. Plaintiff has be forced to file this litigation action due to Defendant's willful lack of participation and the Office's unfair and biased dismissal of Plaintiff's Correction Of Inventorship petition and other related petitions filed in the '699 application..

## CLAIM SIX

(Defendants tortuous/intentional interference with business relationship)

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

73. Defendant purposely avoids Plaintiff's communication, either by phone, in person or via mail or email, and further keeps private and unknown his location or whereabouts.

74. Defendant purposely avoids Plaintiff's correspondence and requests for assistance in the '699 application's prosecution.

75. Defendant purposely avoids service or acceptance of registered/certified correspondence.

76. Defendant has failed and continues to fail to produce documentation in support of correction of inventorship or evidence to and in support of a supplemental declaration of oath as a joint-inventor.

77. Defendant has acted in bad faith unfair dealing with regard to prosecution of the '699 application and has forced Plaintiff to incur costs and endure damages accordingly.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, plaintiff respectfully requests that this court enter an ORDER:

(1) Declaring that the plaintiff is the single and sole inventor pursuant 35 U.S.C. 115 of application of patent serial #12/316,699 to lawfully satisfy plaintiff's request for determination of inventorship of said application and issue said order directing the application be corrected to properly reflect said inventorship.

(2) Awarding plaintiff reasonable application prosecution fees and costs incurred; and

(3) Awarding plaintiff his reasonable litigation fees and costs; and

(4) Granting such other and further relief as the Court may deem just and proper.

October 30, 2018

Respectfully Submitted,

John Lewis Guymon Jr,
1635 East 7080 South
Salt Lake City, Utah  84121
Phone: (801)-930-8229
Email: Admin@Intelledoc.Com
Plaintiff, Pro' se