IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| John Lewis Guymon, Jr.,<br><br>               Plaintiff,<br>v.<br><br>Douglas Scott Litsey,<br><br>               Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-00850-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff John Lewis Guymon, Jr. ("Mr. Guymon"), who is proceeding pro se and in forma pauperis, commenced this action in October of 2018. (ECF No. 3.)[1] Mr. Guymon seeks declaratory and injunctive relief regarding the inventorship listed on a patent application Serial # 12/316,699, "Securable Independent Electronic Document" ('699 application), filed with the United States Patent and Trademark Office December 15, 2008. Defendant Douglas Scott Litsey, is also acting pro se. Before the court are two motions filed by Mr. Guymon (1) a Motion for Summary Judgment and (2) Motion for Emergency Injunction. The undersigned recommends that both motions be denied at this time.[2]

**BACKGROUND**

This case arises out of a dispute between two individuals who met at a 7-11 convenience store. Mr. Guymon met Mr. Litsey after he allegedly conceived of, and proved by prototype, the invention described in the '699 patent application. Compl. ¶ 17. Mr. Guymon and Mr. Litsey entered into a "Non-Disclosure and Confidentiality Agreement" prior to Plaintiff sharing the

---

[1] This matter is referred to the undersigned from District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8.)
[2] On September 9, 2020, Plaintiff filed a Motion to Set Hearing on the Motion for Summary Judgment and Motion for Emergency Injunction. (ECF No. 19.) As set forth below, the court also denies these motions.

details about the invention. Mr. Guymon then submitted the '699 application with Mr. Litsey's authorship assistance in December 2008. *Id.* ¶ 22. As a "nice gesture", Mr. Guymon listed Mr. Litsey as a joint inventor on the application.

In 2013, Mr. Guymon consulted with an attorney about continuing the prosecution of the '699 application. The attorney told Mr. Guymon that there was a problem with listing Mr. Litsey on the application. Plaintiff sought to change Litsey's designation to non-inventor on the application, but the parties could not work out their differences. The '699 application went into abandonment in February 2014. *Id.* ¶ 30. Mr. Guymon sought revival various times over the years through requests with the Patent and Trademark Office. Each time, however, the request was denied, allegedly due to the inventorship problem on the application, and Defendant's refusal to provide the needed signatures on the application. Plaintiff alleges Defendant continues to ignore requests for cooperation in assisting on the application.

In October 2018 Mr. Guymon filed this suit seeking a judgment (1) that he is the sole owner of the application; (2) that he is the sole inventor; (3) that Defendant was improperly listed as a joint inventor; and (4) that Defendant has failed to provide proof of conceiving the invention. Plaintiff alleges he has been forced to file this litigation and seeks compensation for alleged tortuous interference with business relationships.

## PROCEDURAL BACKGROUND

Despite its age, this suit has not progressed very far. Mr. Litsey was served with a copy of the Complaint on November 5, 2018. ([ECF No. 5](.).) On the day an Answer was due, November 26, 2018, Mr. Litsey filed a Motion for 50/50 Assignment of Rights and Written Dismissal. ([ECF No. 6](.).) The next day, Mr. Guymon filed a Motion for Entry of Default. The court denied the Motion for Entry of Default, construing Mr. Litsey's motion for a 50/50 assignment as otherwise

defending this action under Federal Rule 55(a).³ The court then subsequently denied Mr. Litsey's motion without prejudice on March 29, 2019, finding the motion failed to comply with Local Rule 7-1, which requires setting forth the "specific grounds" for a request with citation to "applicable rules, statues, case law, or other authority justifying the relief sought, ….." DUCivR 7-1(a)(2). This case then sat dormant for months with neither party filing any pleadings. Eventually, Plaintiff filed a notice of change of address in October 2019. (ECF No. 14.) On this same date, Plaintiff filed the two pending motions. In an effort to help move this case toward resolution, the court entered an Order to Show Cause directing Mr. Litsey to respond to Plaintiff's motions. To date, there has been no response. In fact, Mr. Litsey has never filed an Answer or any other pleading other than his initial motion for 50/50 assignment and dismissal. Neither party has sought the entry of a scheduling order and the court is unaware of any propounded discovery requests.

## DISCUSSION

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The court, however, cannot be a pro se litigant's advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and a party's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil [ ] Procedure," *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). With this backdrop the court turns to the motions.

---

³ Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

3

I.  **Plaintiff's Motion for Summary Judgment**

A motion for summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment has the initial burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c), (e). The moving party initially "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2002); *see also Leone v. Owsley*, 810 F.3d 1149, 1153-54 (10th Cir. 2015).

After considering Plaintiff's motion and the history of this case, the court finds that to the extent Plaintiff seeks summary judgment, Plaintiff's Motion is premature. Although a party may move for summary judgment prior to the conclusion of discovery, courts often deny motions for summary judgment or motions for judgment on the pleadings as premature when no discovery has been conducted. *See, e.g., Johnson v. Philadelphia Hous. Auth.*, CIVIL ACTION NO. 16-1817, 2016 WL 5468167, at *4 (E.D. Pa. Sept. 29, 2016) (denying plaintiff's motion for summary judgment as premature, in part because no factual record had been developed in the case), appeal dismissed, 2016 WL 10077318 (3d Cir. Dec. 21, 2016); *Barak v. HSBC Bank, C.A.* No. 12-835-SLR-MPT, 2013 WL 2949132, at *4 (D. Del. June 14, 2013) (denying plaintiff's motion for summary judgment where no discovery had occurred, the parties had not conferred, no Rule 16 scheduling conference had been ordered or conducted, and defendant had had "no

4

opportunity to explore the issues and develop its defenses through the discovery process"), report and recommendation adopted, 2013 WL 3815971 (D. Del. July 19, 2013); *Colorado Cas. Ins. Co. v. Perpetual Storage, Inc.*, Case No. 2:10CV316 DAK, 2011 WL 13078586, at *1 (D. Utah Aug. 4, 2011) ("The court agrees ... that it would be premature to grant judgment as a matter of law at this point in the litigation, when there has not yet been any discovery."); *Fortney v. Pollard*, No. 09-cv-527-slc, 2009 WL 3816852, at *1 (W.D. Wis. Nov. 12, 2009) (motion for summary judgment was premature where no discovery had been conducted to obtain relevant facts, defendants had not filed an answer, and no pretrial conference had been conducted).

Here, there is no indication that the parties have engaged in any discovery whatsoever, no scheduling order has been entered, and Defendant has not formally Answered the Complaint. In short, this case is still in the earlies stages of litigation. Plaintiff points to limited evidence to support his claims, and even if the court were to consider this evidence, it is insufficient to support Plaintiff's motion at this early juncture. Thus, the undersigned recommends the Motion for Summary Judgment be denied.

**II.     Plaintiff's Motion for Emergency Injunction**

Plaintiff moves the court to issue a temporary restraining order to prohibit Defendant from filing documents with the "Office or the Courts" until an "Order of Preliminary Injunction is ordered" restricting Defendant from "filing or otherwise submitting any documents with the United States Patent and Trademark Office." Mtn p. 2, ECF No. 16. The court construes this motion as seeking both a preliminary injunction and a temporary restraining order. Both motions fail.

"It is well established that a preliminary injunction is an extraordinary remedy reserved only for those cases where it is clearly warranted." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678

F.3d 1314, 1334 (Fed.Cir.2012). Requests for injunctive relief in cases arising under the Patent Act are decided according to the traditional four-factor test: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). There is some question in this case whether jurisdiction is even proper under the Patent Act, however, the standard for a preliminary injunction in other areas of law are substantially the same. *See, e.g., Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 380 (D. Utah 1991) (finding the defendant "failed to sustain its burden to clearly show a right to injunctive relief in an infringement action"). Here Plaintiff fails to establish that he is likely to succeed on the merits as there is not much evidence in this case, other than Plaintiff's unsubstantiated assertions. Further, the court is not convinced that Plaintiff will suffer irreparable harm. The undersigned recommends the Motion for Emergency Injunction should be denied.

### III.     Plaintiff's Motion to Set Hearing and Motion for Subpoena

On September 9, 2020, Plaintiff filed two motions, (1) a Motion to Set Hearing on the Motion for Summary Judgment and Motion for Emergency Injunction (ECF No. 19.); and (2) a Motion for Subpoena. (ECF No. 20.) Plaintiff's Motion to Set Hearing is deemed MOOT given the undersigned's recommendation regarding the underlying motions. Plaintiff's Motion for Subpoena is DENIED as it also concerns the same underlying motions.

## ORDER and RECOMMENDATION

For the above mentioned reasons, the Court finds MOOT Plaintiff's Motion to Set Hearing. (ECF No. 19.) IT IS FURTHER ORDERED that Plaintiff's Motion for Subpoena is DENIED. (ECF No. 20.)

IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment (ECF No. 15.) and Motion for Emergency Injunction (ECF No. 16.) be DENIED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 14 September 2020.

_____
Dustin B. Pead
United States Magistrate Judge